UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOPHIA EGGLESTON,

        Plaintiff,

v.                                               Case No. 15-11893

LEE DANIELS, et. al,             HON. TERRENCE G. BERG
                                                        HON. ELIZABETH A. STAFFORD

        Defendant.
_____/

## ORDER DENYING NON-PARTY'S MOTION FOR PERMISSIVE JOINDER

This matter is before the Court on non-party Felix Walls's pro se Motion for Permissive Joinder pursuant to Federal Rule of Civil Procedure 20(a)(1).[1] (Dkt. 63). Plaintiff and Defendants have each filed a response in opposition. (Dkts. 67, 69). The Court notes that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Additionally, the Court recognizes that joinder of claims is "strongly encouraged" when appropriate to further judicial economy and fairness. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). For the reasons discussed below, Mr. Walls's motion is nevertheless **DENIED**.

Federal Rule of Civil Procedure 20(a)(1) provides as follows:

Rule 20. **Permissive Joinder of Parties**

(a) Persons Who May Join or Be Joined.
(1) Plaintiffs. Persons may join in one action as plaintiffs if:

---

[1] Mr. Walls states that he brings this action pursuant to "Rule 20(A)(B)" (Dkt. 63 at 1), but the rule governing plaintiffs seeking permissive joinder is Fed. R. Civ. P. 20(a)(1).

1

>   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Before a Court can properly permit joinder, a Plaintiff must satisfy both "prongs" of Rule 20. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 779 (E.D. Mich 2009).

In bringing what appears to be a claim for appropriation of his right of publicity, Mr. Walls states in conclusory fashion that Defendants have "unlawfully exploited… [his] likeness." (Dkt. 63 at 2). To maintain a cause of action for appropriation of the right of publicity under Michigan law, Mr. Walls must prove that he has a pecuniary interest in his identity and that a defendant exploited it. *Parks v. LaFace Records*. 329 F.3d 437, 460 (6th Cir. 2003). In support of his claim, Mr. Walls alleges that he is an "integral part" of Plaintiff's "civil action" because her complaint cites to her memoir *The Hidden Hand*, (Dkt. 1, Ex. A), and *The Hidden Hand* "show cases [*sic*] [Mr. Walls] as one of the main characters of the book." (Dkt. 63 at 1).[2] However, Mr. Walls alleges no facts showing he has a pecuniary interest in his identity nor does he cite to any facts showing how Defendants exploited this interest. In particular, although Mr. Walls claims generally that his "likeness, story persona, and character" have been "unlawfully infringed, capitalized upon, and exploited for profit" without his consent (Dkt. 63 at

---

[2] Mr. Walls is mentioned on 28 of *The Hidden Hand's* 578 pages. (Dkt. 43, Exs. 1-13 at 17-18, 424-28, 430-33, 435, 437, 440-46, 450, 456, 475, 479, 526, 528, 546, 547).

2), he does not specifically allege that his identity was used in the television show *Empire*, which is the gravamen of Ms. Eggleston's complaint. Rather, Mr. Walls argues that because he is mentioned in Plaintiff's lawsuit and book, and because Plaintiff and Defendants are now in litigation concerning her book, he too must be a rightful party to this dispute.

Mr. Walls's argument fails to satisfy either prong of Rule 20. First, this litigation arises out of occurrences related to Defendants' alleged misuse of Plaintiff Eggleston's persona, as developed in her memoir *The Hidden Hand*. (Dkt. 43). Plaintiff claims that the *Empire* character "Cookie Lyon" is based on her identity as portrayed in her book. Mr. Walls's only factual allegation is that Plaintiff referenced him in this book, an act that bears no relation to whether or not Defendants misused Ms. Eggleston's persona. Moreover, the Court has dismissed Plaintiff's right of publicity claim, (Dkt. 61) because, like Mr. Walls, Ms. Eggleston failed to show how any pecuniary interest was associated with her identity. The only remaining claim in this lawsuit is copyright infringement as it relates to Defendants' alleged use of Ms. Eggleston's biographical persona. Mr. Walls did not create the work at issue and has no copyright claim relating to it. Even if the Court found that Mr. Walls's unfounded right of publicity claim arose out of the same occurrence that gave rise to this litigation, such a claim by Mr. Walls would have no question of law or fact in common with Plaintiff's copyright claim.

In sum, Mr. Walls fails to show how his right of publicity claim arises out of the same occurrence that gave rise to this litigation and how any question of law or

3

fact common to all plaintiffs will arise should the Court permit him to join it. Pursuant to Fed. R. Civ. P. 20(a)(1), Mr. Walls's request to join this action must be denied.

For the reasons set forth above, Mr. Walls's motion for permissive joinder is **DENIED**.

    **SO ORDERED.**


Dated: October 31, 2016          s/Terrence G. Berg
                                               TERRENCE G. BERG
                                               UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on October 31, 2016, using the CM/ECF system, which will send notification to all parties, and was sent to unrepresented parties via postal mail.

                                                 s/A. Chubb
                                                 Case Manager