# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SOPHIA EGGLESTON,

    Plaintiff,

v.

LEE DANIELS, et al.,

    Defendant.

Case No. 15-11893
Hon. Terrence G. Berg

**ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN (Dkt. 81), GRANTING COUNSEL'S MOTION TO WITHDRAW (Dkt. 93), AND DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS TO GRANT TESTIMONY (Dkt. 87, 88, 89, 90, 92)**

## I. Introduction

Plaintiff Sophia Eggleston ("Plaintiff" or "Eggleston") had sued the FOX Broadcasting Company and the writers, producers, directors, and distributors of television series *Empire* claiming that one of *Empire*'s main characters, Loretha "Cookie" Lyon, was based on Plaintiff's 2009 memoir *The Hidden Hand*. *See* Dkt. 1 (Complaint); Dkt. 43 (Amended Complaint). On March 21, 2017 the parties stipulated to a voluntary dismissal of this case without prejudice, which the Court granted. Dkt. 79.

There are currently a number of motions before the Court, two of which require some discussion. The first is Plaintiff's pro se Motion to Re-open her case. Dkt. 81. The second is Plaintiff counsel Thomas Heed's ("Counsel" or "Heed") Motion for Leave to Withdraw from his representation of Plaintiff. Dkt. 85. Plaintiff has also filed five additional pro se miscellaneous motions—two of which are titled "Motions to Grant Testimony"—and all of which reiterate arguments in support of this Court re-evaluating Plaintiff's mental health history and re-opening her case. Dkts. 87; 88; 89; 90; 92. For the reasons outlined below, Plaintiff's Motion to Re-Open her case is DENIED, Counsel's Motion for Leave to Withdraw is GRANTED, and Plaintiff's five miscellaneous motions are DENIED.

## II. Background

Plaintiff filed the underlying action pro se on May 27, 2015. Dkt. 1. In her original Complaint Plaintiff alleged that the *Empire* series character Cookie Lyon was based on Plaintiff's depiction of herself in her 2009 memoir *The Hidden Hand*. *Id*. Plaintiff ultimately retained Counsel and filed an Amended Complaint on November 20, 2015, Dkt. 43, alleging one count of copyright infringement under the Copyright Act, 17 U.S.C. § 501, et. seq., and one count of Appropriation of Right of Publicity under Michigan state law. *Id*. at Pg. ID 15-19.

On January 8, 2016 Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 46. On August 16, 2016 this Court granted Defendants' motion to dismiss Plaintiff's state law claim for Appropriation of Right of Publicity with prejudice, but denied their motion to dismiss Plaintiff's federal copyright infringement claim. Dkt. 61 at Pg. ID 28.

On December 13, 2016 the parties filed a stipulation for an adjournment pending the completion of a psychiatric examination that the Honorable Bernard A. Friedman had ordered for Plaintiff in a concurrent criminal prosecution against her for health care fraud. Dkt. 78. The Court granted the adjournment and rescheduled the Case Management Scheduling Conference in this case for March 22, 2017. Dkt 78. On March 21, 2017 the parties filed a stipulated order dismissing the case without prejudice, which the Court granted. Dkt. 79. Acting pro se, Plaintiff moved to re-open the case less than two months later. Dkt. 81. Defendants have responded in opposition. Dkt. 83. On June 2, 2017, Plaintiff's Counsel filed a Motion for Leave to Withdraw from representing Plaintiff. Dkt. 85. Since then Plaintiff has filed five miscellaneous motions regarding her mental competency. Dkts. 87; 88; 89; 90; 92.

## III. Analysis

For the reasons discussed below the Court will **DENY** Plaintiff's Motion to Re-Open her case, **GRANT** Counsel's Motion for Leave to Withdraw, and **DENY** Plaintiff's Motions to Grant Testimony and for Miscellaneous Forms of Relief.

### a. Motion to Re-Open the case

Plaintiff voluntarily dismissed her case without prejudice under FRCP 41(a). Dkt. 79 at Pg. ID 1687. She then filed a pro se motion to re-open it. Dkt. 81. In that Motion to Re-Open Plaintiff states that at the time of the voluntary dismissal she asked Counsel to request a stay rather than dismiss the case outright. Dkt. 81 at Pg. ID 1700. Plaintiff also alleges that her counsel "colluded" with Attorney Linda Ashford—who was then representing Plaintiff as defense counsel in the criminal matter—to dismiss this case. Dkt. 81 at Pg. ID 1701.

In their Response and Opposition to Plaintiff's Motion to Re-open Defendants argue that: 1) Plaintiff's Motion to Re-Open is effectively a Rule 60(b) motion for relief from a final judgment or order; 2) the stipulated dismissal without prejudice was not a final order or judgment from which Plaintiff can seek relief under Fed. R. Civ. P. 60(b); and 3) even if it were a final order or judgment, Plaintiff has not satisfied any of the 60(b) requirements for obtaining such relief. Dkt. 83 at Pg. ID 1707.

4

Courts regularly construe pro se plaintiffs' requests to "re-open" cases as motions for relief from a judgment or order under Fed. R. Civ. Pro. 60(b). *See, e.g.*, *Hendricks v. Kasich*, No. No. 2:12-cv-729, 2016 WL 1019259, at * 2 (S.D. Ohio Mar. 15, 2016)(construing a pro se plaintiff's motion to re-open a case he had voluntarily dismissed as a Rule 60(b) motion where plaintiff did not specify the "procedural mechanism" on which he had based his request to re-open); *Li v. Recellular, Inc.*, No. 09-cv-11363, 2010 WL 1526379, at *4, n. 4 (E.D. Mich. Apr. 16, 2010)(noting that Plaintiff's pro se motion to set aside voluntary dismissal of her case cited no authority, but that the court would still consider it as seeking relief from the stipulation of dismissal under Rule 60(b)).

Plaintiff's Motion to Re-open here requests that the Court vacate the parties' previous stipulation of dismissal based on alleged collusion between Plaintiff's two attorneys. *See* Dkt. 81 at Pg. ID 1700. It seeks relief comparable to what is available under Rule 60(b). But as Defendants correctly note, voluntary dismissal of a case *without* prejudice under Fed. R. Civ. P. 41(a) is not a final judgment or order from which Plaintiff may properly seek Rule 60(b) relief. *Hendricks v. Kasich*, No. 2:12-cv-729, 2016 WL 1019259, at * 2 (S.D. Ohio Mar. 15, 2016)("A Rule 60(b) motion is not the correct procedural mechanism for refiling a case after a voluntary dismissal [without prejudice] has been taken."); *cf. Warfield v. AlliedSignal TBS Holdings,*

*Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)(Rule 60(b) "gives the courts discretion to set aside a voluntary dismissal *with* prejudice")(emphasis added).

In order to re-open a case that has been voluntarily dismissed without prejudice, the proper course of action is to file a new complaint, not move to re-open.[1] *See Cline v. HSBC Bank USA, NA*, No. 2:11-CV-00233, 2012 WL 6214307 at *2 (S.D. Oh. Dec. 13, 2012) (denying a plaintiff's pro se motion to re-open a case she previously dismissed under Rule 41(a) and noting that because it was dismissed without prejudice she was "free to re-file" her action). The Court therefore denies Plaintiff's Motion to Re-Open. Plaintiff may file a new complaint if she so desires; her previous complaint was dismissed without prejudice.

### b. Motion for Leave to Withdraw

Under Local Rule 83.25(b)(2), "An attorney may withdraw or be substituted for only on order of the court." Counsel submits that

---

[1] The statute of limitations for bringing a claim under the Copyright Act, 17 U.S.C. § 501 et seq., is three years "after the claim accrued." 17 U.S.C. §507(b). But copyright infringement claims "can accrue more than once because each infringement is a distinct harm." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 447 F. 3d 383, 390 (6th Cir. 2007)(citing *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004). Thus it is unlikely Plaintiff would be time-barred if she decided to file a new complaint; the court would then have to consider whether her infringement claims had accrued, or re-accrued, within the three-years before she filed that new complaint. In other words, whether each new episode constituted an infringing act as Plaintiff alleged in her Amended Complaint. Dkt. 43 at Pg. ID 733.

6

he should be permitted to withdraw because his continued representation would create an impermissible conflict of interest under MRPC 1.7(b) and could lead to disclosure of confidential client information protected under MRPC 1.6(c)(5). Counsel has received consent from opposing counsel to withdraw. The Court sees no reason not to release Mr. Heed from his representation of Plaintiff in this matter given that the case was already voluntarily dismissed and Plaintiff's request to re-open it has now been denied.

### c. Motions to Grant Testimony and for Miscellaneous Forms of Relief

Plaintiff has filed five other miscellaneous motions pro se, Dkts. 87; 88; 89; 90; 92, two of which are titled "Motion to Grant Testimony." Dkts. 87; 89. All five of these motions reiterate similar requests: that the Court permit Plaintiff's mental health providers to offer testimony concerning her competency. *See* Dkts. 87; 88 at Pg. ID 1; 90 at Pg. ID 1; 92 at Pg. ID 1. Plaintiff asserts that evidence of her competency would prove that Attorneys Heed and Ashford dishonestly used her mental health history against her and coerced her into voluntarily dismissing this case. *See* Dkts. 87; 88 at Pg. ID 1780; 89 at Pg. ID 1817-18; 90 at Pg. ID 1819. Plaintiff appears to believe such a finding would compel the Court to re-open her case. *Id.* If Plaintiff has grounds to believe that either of her attorneys

7

engaged in misconduct while representing her, she may file a complaint with the Attorney Grievance Commission or a malpractice lawsuit against them. Either of these would offer a proper forum to address the kinds of concerns Plaintiff raises, rather than seeking an evidentiary hearing before this Court on a Motion to Re-Open. Such a hearing is unnecessary to afford Plaintiff the remedy she seeks. If she wishes to pursue this case all that is necessary is to file a new complaint.

Accordingly, Plaintiff's Motions to Grant Testimony and for Miscellaneous Forms of Relief (Dkts. 87; 88; 89; 90; 92) are denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Re-Open (Dkt. 81) is **DENIED**. Because her complaint was dismissed without prejudice she may file a new complaint if she so chooses. Counsel's Motion for Leave to Withdraw (Dkt. 85) is **GRANTED** and Plaintiff's Motions to Grant Testimony and for Miscellaneous Forms of Relief (Dkts. 87; 88; 89; 90; 92) are **DENIED.**

**SO ORDERED**.

Dated: September 7, 2017
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 11, 2017.

s/A. Chubb
Case Manager